# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CREST CONSTRUCTION II, INC., et. al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 07-0728-CV-W-DGK ) |
| ON TIME AUTO, et. al., | ) ) ) |
| Defendants. | ) |

## ORDER

The case arises out of a business relationship between the parties. Now pending before the Court is Defendants'[1] Motion to Dismiss Plaintiffs' Complaint (Doc. 165). Defendants seek dismissal of Count IV, the RICO claim, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and Rule 9(b) for failure to plead with particularity the RICO predicate acts of wire and mail fraud. Defendants seek dismissal of the remaining claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

The Court holds Count VI should be dismissed for failure to properly allege a civil RICO claim. The remaining claims are all state law claims, and although the Court is not required to dismiss them, the Court declines to exercise supplemental jurisdiction over them. Defendants' motion is GRANTED and all claims are DISMISSED WITHOUT PREJUDICE against all Defendants.

---

[1] All Defendants have joined in the motion except for those who are not represented by an attorney, namely John Hart, Dee Hart, On Time Auto Sales and Financing LLC, Hart Family Motors Inc., Fidelity Three Inc., AAJD Investments LLC, Kearney Land Acquisitions LLC, Northland Auto Brokers LLC, and Homes 4 Less LLC.

1

**Standard**

In reviewing the adequacy of a complaint the court assumes the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg, Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). To survive a 12(b)(6) motion to dismiss the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009). It must "allege enough facts to 'nudge' its claims 'across the line from conceivable to plausible.'" *Rinehart v. Envtl. Dynamics, Inc.*, No. 09-4221-CV-C-NKL, 2010 WL 55969, at *1 (W.D. Mo. Jan. 4, 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To determine whether the complaint states a claim for relief the court conducts a context specific analysis and "draws on its judicial experience and common sense." *Ashcroft*, 129 S.Ct. at 1950; *Rinehart*, 2010 WL 55969 at *1.

Federal courts have long held civil RICO complaints to a somewhat higher standard of pleading and required a plaintiff to "specifically identify, and factually plead, each element of a viable RICO claim." Gregory P. Joseph, Civil RICO: A Definitive Guide § 23, at 207 (3rd ed. 2010). As the First Circuit Court of Appeals has observed, in a RICO case

> [t]he complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; "[d]espite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation."

*Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991) (quoting *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990). "Even before *Twombly* and *Iqbal*, most civil RICO claims were dismissed under Rule 12(b)(6) or 56." Joseph, at 215 (citing *Gross v.*

*Waywell*, 628 F. Supp. 2d 475, 479-80 (S.D.N.Y. 2009)).[2]  "Since *Twombly* and *Iqbal*, courts have continued to require specificity in pleading the elements of civil RICO claims, perhaps with more vigor."  Joseph, at 216 (citations omitted).

With respect to allegations of mail or wire fraud such as those contained in the Complaint, Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake."  This requires the party to identify the who, what, where, when, and how of the fraud.  *United States ex rel. Costner v. United States*, 317 F.3d 883, 889 (8th Cir. 2003).

## Discussion

New counsel for Defendants have only recently entered their appearance and the motion to dismiss is the first substantive motion they have filed, which explains why Defendants have only now complained about the sufficiency of the Complaint even though this case is almost three years-old.  Although Defendants arguably waived any 12(b)(6) defense by failing to raise it earlier, Plaintiffs have not objected to the motion on this ground.  Hearing no objection from Plaintiffs, however, the Court holds Defendants' motion is timely made pursuant to Rules 12(h)(2)(B) and 12(c).

**I.    The Complaint does not properly allege a civil RICO claim.**

To state a claim for damages under the civil RICO statute[3] a complaint must allege (1) that each defendant violated the criminal RICO statute;[4] (2) that the plaintiff suffered injury to business or property; and (3) that the injury was proximately caused by defendant's RICO violation.  *Fogie v. Thorn Americas Inc.*, 190 F.3d 889, 894 (8th Cir 1999).  To successfully

---

[2] In *Waywell* the district court noted 83% of civil RICO claims filed in the Southern District of New York from 2004 through 2007 were dismissed under Rule 12(b)(6), the other 17% were dismissed for lack of merit or on summary judgment.
[3] 18 U.S.C. § 1964(c).
[4] 18 U.S.C. § 1962.

plead a violation of a criminal RICO statute the complaint must allege: "(1) that the defendant (2) through the commissioner of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983); *Massey v. Jones*, No. 4:09CV00855 JLH, 2010 WL 330353, at *2 (E.D. Ark. Jan. 21, 2010) (citing *Moss*). Moreover, the requirements of a criminal violation "must be established as to each individual defendant." *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008).

In this case Defendants contend Plaintiffs have failed to properly plead the following elements: that there was an enterprise, a pattern of racketeering activity, and that each defendant committed at least two predicate acts. Defendants also argue that the RICO predicate acts of mail and wire fraud have not been pled with the particularity required by Rule 9(b). Plaintiffs deny the allegations but move to be allowed to modify the Complaint with additional factual allegations.[5]

### A. Plaintiffs' enterprise allegations fail.

A RICO enterprise consists of "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has ruled that this language is expansive and should be interpreted liberally. *Boyle v. United States*, 129 S. Ct. 2237, 2243 (2009).

Plaintiffs contend Defendants' alleged RICO enterprise is an association-in-fact. (Compl. at ¶ 58.) Defendants argue that this requires Plaintiffs to plead and prove "'that a group engages

---

[5] Plaintiffs' response includes an eleven page section titled "Background Information" which appears to consist of information learned during discovery, and an Exhibit A which contains three pages of supplemental facts Plaintiffs propose to include in an amended complaint. Much of the background information, however, is not included in the proposed amended complaint.

in a diverse pattern of crimes or that it has an organizational pattern or system of authority *beyond what was necessary to perpetuate the predicate crimes*.'" Defs.' Sugg. in Support at 6, quoting *Diamonds Plus Inc. v. Kolber*, 960 F.2d 765, 770 (8th Cir. 1992) (emphasis added). This is incorrect; in *Boyle v. United States* the Supreme Court held an association-in-fact did not have to have an ascertainable structure beyond that inherent in the pattern of racketeering activity in which it engages. *Boyle*, 129 S. Ct. at 2244-45. "While the existence of an enterprise is a separate element that must be proved," the enterprise does not have to have any particular structural features beyond those that can be inferred from the statute. *Id.* at 2245. The enterprise does not have to have a hierarchy, chain of command, fixed roles, or even a method of making decisions. *Id.* An association-in-fact enterprise need only have "three structural features: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.* at 2244. These are attributes which almost any group satisfies.

Although the bar for pleading an association-in-fact is low, Plaintiffs have failed to reach it. Construing all of the allegations in the Complaint in the light most favorable to the Plaintiffs, the Complaint properly alleges the first and third elements, that the enterprise had a purpose, namely to defraud Plaintiffs by inducing them to purchase vehicle loans made by Defendants without Plaintiffs being named as lien holders or retaining the original promissory notes, sales contracts, titles, or reserve accounts, and then illegally diverting the loan proceeds away from the Plaintiffs, and a longevity sufficient to achieve this purpose. But the Complaint fails to sufficiently identify the relationships among those associated with the enterprise. While it alleges John and Dee Hart's relationship to On Time Auto Sales, it barely mentions the relationship of Defendants Hilda Chaddock and the Estate of Harvey Chaddock to the rest of the

5

Defendants, or to the conspiracy. Indeed, neither Hilda or Harvey Chaddock are even named in the RICO count.[6] Consequently the Court holds the Complaint fails to sufficiently plead the enterprise allegations.

### B. Plaintiffs have failed to properly allege a pattern of racketeering activity.

"[T]o prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Craig Outdoor Adver., Inc., v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008) (citations omitted) (emphasis in original). To do this "a plaintiff must provide evidence of multiple predicate acts occurring over a substantial period of time (closed-end continuity) or evidence that the allege predicate acts threaten to extend into the future (open-ended continuity)." *Id.* Although the determination always turns on the particular facts of a given case, under the closed-end continuity theory a year or less of misconduct rarely constitutes a substantial amount of time. Joseph, at 146. Indeed, the Second Circuit has "never found a closed-ended pattern where the predicate acts spanned fewer than two years." *Fresh Meadow Food Servs., LLC v. RB 175 Corp.*, 282 Fed. Appx. 94, 98 (2nd Cir. 2008) (citation omitted). Closed-end patterns typically involve multiple years. Joseph, at 146 n.29; *see, e.g., Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 994 (8th Cir. 1989) (holding a closed-end pattern existed where the predicate acts spanned three years). To establish open-ended continuity the plaintiff must show "that the predicate acts themselves involve a distinct threat of long-term racketeering activity or that the predicate acts constitute a regular way of conducting an on-going legitimate business or a RICO enterprise."

---

[6] The allegations proposed to be included in an amended complaint also only mention Hilda Chaddock in passing. Exhibit A alleges certain unidentified acts were performed "with the assistance of Defendant Hilda Marie Chaddock and others," (Ex. A at ¶ 1(b), 2(f), 2(g), 2(i), 2(j), and 3(d). These generic assertions do not shed any light on the Chaddocks' relationship to the enterprise, so the proposed amended complaint could not cure the defect.

In the present case the Complaint alleges that the Defendants' actions amounted to a "pattern of racketeering activity" (¶ 90), because "[t]he scope, magnitude, number, and pattern of acts of fraudulent and illegal activities the Defendants, and the number of persons and entities that participate in perpetrating such fraudulent and illegal activities . . . elevate the Defendants' acts from garden variety fraud and breach of contract to a pattern of racketeering activity as defined under the RICO statutes." (¶ 83.) More specifically, Count VI alleges that "[d]uring the period December 2003 through January 2004 and continuing to date, Plaintiffs have been the victims of an ongoing scheme in violation" of RICO (¶ 57). The common facts section of the Complaint (¶ 15-23) alleges that in December 2003 and January 2004 Plaintiffs and some of the Defendants entered into a partnership agreement, and that under the guise of that agreement some of the Defendants defrauded Plaintiffs between December 2003 and July 2004. And paragraph 3 of Exhibit A alleges that between December 2003 and December 2004 Plaintiffs purchased 268 car loan accounts from Defendants with a series of checks.

Read collectively, these allegations do not establish closed-ended or open-ended continuity. Although purchase of the loan accounts is arguably a single business transaction paid for in installments, in which case there would be no *pattern* of racketeering activity, assuming for the sake of argument that payment by different checks can constitute multiple predicate acts, Plaintiffs have still failed to allege that these acts occurred over a substantial period of time. At most these acts occurred over a one-year period of time, thus there is no closed-ended continuity.

There is also no open-ended continuity here: There is no suggestion that Defendants' acts involved a distinct threat of long-term racketeering activity, or that Defendants are currently

defrauding Plaintiffs. To the contrary, it appears Plaintiffs became aware of Defendants alleged fraud and put a stop to it.[7]

Consequently the Court finds the Complaint fails to allege a pattern of racketeering activity.

**C.      Plaintiffs have failed to plead that each defendant committed at least two predicate acts.**

To be held liable for a RICO violation "each defendant must have engaged in a pattern of racketeering activity, evidenced by the commission of at least two predicate acts." *Pulphus v. Sullivan*, No. 02 C 5794, 2003 WL 1964333, at *9 (N.D. Ill. April 28, 2003) (citations omitted). The complaint must specifically allege "that each defendant agreed that someone would commit at least two predicate acts to accomplish" the goals of the conspiracy. *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 732 (7th Cir. 1998). The Complaint makes various and sundry boilerplate allegations, such as "the fraudulent, deceptive, unfair and illegal business practices used and perpetrated by the members of the RICO enterprise were and are as far-reaching and diverse as they are fraudulent and illegal" (¶ 66), but such allegations fail to meet the requirement of identifying two specific predicate acts for each Defendant. Although the proposed additions to the Complaint meet this requirement with respect to Defendant John Hart, they are still inadequate with respect to the other Defendants; for example, Harvey Chaddock (or the estate of Harvey Chaddock) is still not mentioned in the proposed amended complaint. Consequently the Court finds Plaintiffs have failed to properly plead two predicate acts.

---

[7] The Court notes Plaintiffs' counsel has indicated that John Hart is currently the subject of a federal criminal investigation for some of the acts alleged in this case. If there was a racketeering conspiracy, it is over.

### D. The mail and wire fraud allegations fail to comport with Rule 9(b).

Rule 9(b) requires the plaintiff to identify the who, what, where, when, and how of the fraud. *United States ex rel. Costner*, 317 F.3d at 889. The Complaint does not identify all five of these elements with respect to a single allegation of mail or wire fraud; in fact the Complaint fails to specify a single date with respect to any such allegation. The proposed additions are better but still lacking with respect to specifically identifying the who, where, when and how of the mail and wire fraud, the predicate acts of the RICO claim, thus Count VI should be dismissed.

### E. Count VI should be dismissed with respect to all Defendants.

As noted earlier all Defendants have joined in the motion to dismiss except those who are not represented by an attorney, namely John Hart, Dee Hart, On Time Auto Sales and Financing LLC, Hart Family Motors Inc., Fidelity Three Inc., AAJD Investments LLC, Kearney Land Acquisitions LLC, Northland Auto Brokers LLC, and Homes 4 Less LLC. Because Count VI is patently flawed for the reasons discussed above, it makes no sense to dismiss Count VI with respect to only those Defendants who formally joined the motion. Count VI should be dismissed with respect to all Defendants. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding district court's dismissal of the complaint sue sponte, without giving the plaintiff notice or an opportunity to respond, when it was "patently obvious the plaintiff could not prevail based on the facts alleged in the complaint"); *Mavrovich v. Vanderpool*, 427 F. Supp. 2d 1084, 1088-89 (D. Kan. 2006) (dismissing action against all defendants when only one motion to dismiss filed by two defendants was ripe for review). Accordingly, Count VI is dismissed with respect to all Defendants.

## II. The Court declines to exercise supplemental jurisdiction over the remaining claims.

Finally, Defendants argue the remaining claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs have no response. Although the Court is not required to dismiss the remaining claims, it will decline to exercise supplemental jurisdiction over them.

The statue governing supplemental jurisdiction states,

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . .
>
> . . .
>
> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if---
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) **the district court has dismissed all claims over which it has original jurisdiction**, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added). Count VI is the only count over which this Court has original jurisdiction. Counts I - V are state law claims and there is no diversity jurisdiction here, so the Court may decline to exercise supplemental jurisdiction to hear the remaining claims. In this case the Court finds no reason to its exercise supplemental jurisdiction. Although one could argue that the parties have invested sufficient time, effort, and money into preparing the state law claims for trial in this court that it would be unfair to send the parties back to state court to start all over again at this late date, neither party has expressed any interest in keeping the remaining

claims in federal court: Defendants have asked the Court not to exercise supplemental jurisdiction, and Plaintiffs have not objected or otherwise responded to their suggestion. Seeing no reason why the parties should not adjudicate this dispute in state court, the Court declines to exercise supplemental jurisdiction over the remaining claims.

Counts I – V are also dismissed without prejudice.

## Conclusion

Viewing the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff, the Court concludes this is a garden variety fraud and breach of contract case that should be heard in Missouri state court. Defendants 12(b)(6) motion to dismiss Count VI is GRANTED. Count VI is DISMISSED WITHOUT PREJUDICE against all Defendants. The Court declines to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c)(3). Counts I-V are also DISMISSED WITHOUT PREJUDICE against all Defendants.

**IT IS SO ORDERED.**

Dated: August 27, 2010    /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　GREG KAYS,
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE