# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CREST CONSTRUCTION II, INC., et. al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 07-0728-CV-W-DGK |
| ON TIME AUTO, et. al., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO SET ASIDE OR AMEND THE COURT'S JUDGMENT

The case arises from the parties' putative business dealings. Plaintiffs allege Defendants repeatedly defrauded them in the purchase of auto vehicle sales contracts and loan accounts.

On August 27, 2010 the Court dismissed (doc. 174) Plaintiffs' civil RICO claim for failure to state a claim upon which relief can be granted and the remaining state law claims for lack of jurisdiction. The Court then entered a clerk's judgment (doc. 175) dismissing the case.

Now before the Court is Plaintiffs' Motion to Set Aside or Amend the Court's Judgment (doc. 176). Plaintiffs ask the Court set aside the dismissal order and judgment and allow them to amend the Complaint. Plaintiffs argue the proposed Amended Complaint satisfies RICO's pleading requirements. In the alternative, Plaintiffs ask the Court to reconsider its decision to dismiss the remaining state law claims, suggesting that given how long this case has been pending it is in the interest of justice to allow the state law claims to proceed to trial. Finding that Plaintiffs have failed to carry their burden to show a manifest error of law or fact or exceptional circumstances which justify such extraordinary relief, the motion is DENIED.

**Standard**

Plaintiffs do not identify the rule they are bringing this motion under, but the motion appears to be a motion to reconsider. The Federal Rules of Civil Procedure do not include a motion to reconsider, but such a motion is usually construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009).

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* (holding district court did not err in failing to grant defendant's motion to alter the judgment because defendant could have raised its argument regarding the appropriate remedy while the motion for summary judgment was first pending). A district court has broad discretion in determining whether to grant a Rule 59(e) motion. *Id.* at 413.

Rule 60(b) motions may only be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F. Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County,*

*Texas*, 51 F.3d 117, 119 (8th Cir. 1995)).[1]  A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has cautioned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order.  Fed. R. Civ. P. 59(e), 60(b); *see* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed. 1995).

### Discussion

Plaintiffs' first argument is that the Court should have allowed them to file an amended complaint before granting the motion to dismiss.  As a threshold matter Plaintiffs have not cited, and the Court cannot find, any authority suggesting that not allowing a party to file an amended complaint before ruling on a pending motion to dismiss is a manifest error of law or an exceptional circumstance which justifies setting aside a judgment.  Assuming the Court could set aside the judgment on such grounds, however, the Court holds that its ruling on the motion to dismiss before ruling on the motion to amend was not an error of law or an exceptional circumstance.  The motion to dismiss was filed June 10 and ripe for ruling on July 21; Plaintiffs' motion to amend was not filed until August 21.  Although Plaintiffs indicated in their brief opposing the motion to dismiss that they wished to file an Amended Complaint, they waited six

---

[1] Wright, Miller, and Kane argue that a showing of exceptional or extraordinary circumstances is necessary only when a party moves for reconsideration under the catchall clause of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief."  11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2857 (2nd ed. 1995).  Because the Court is bound by Eighth Circuit precedent, however, it will apply the higher standard to all Rule 60(b) motions.

3

weeks to formally do so,[2] at which point the motion to dismiss had been ripe to rule on for a month. Consequently there was no error in the Court's ruling on the motion to dismiss first.

Even if the Court had taken-up the motion to amend first, however, the ultimate result would have been the same because the Court would have denied the motion. Although the Amended Complaint makes more detailed factual allegations than the initial pleading does, it is still fatally flawed. For example, the Amended Complaint fails to explain how each defendant committed at least two predicate acts to accomplish the goals of the conspiracy, nor does it allege a viable pattern of racketeering activity by establishing closed-ended or open-ended continuity, thus granting Plaintiffs leave to file the Amended Complaint would have been futile

Plaintiffs' second argument, that the Court should have exercised its supplemental jurisdiction to hear the state law claims because this case has been pending for almost three years, is also unpersuasive. This is the first time Plaintiffs have made this argument, and a motion to reconsider is not an appropriate vehicle to raise arguments which could have been raised prior to issuance of the judgment. *See Hagerman*, 839 F.2d at 414. Defendants argued in their motion to dismiss that if the RICO claim was dismissed the Court did not have jurisdiction to hear this case. Plaintiffs could have responded to this argument in their suggestions in opposition, but did not. Consequently, unless Plaintiffs can show some reason why they could not have responded to these jurisdictional arguments earlier, the Court will not consider their arguments now. Allowing Plaintiffs to respond now would undermine the efficient administration of justice by encouraging parties to engage in seriatim briefing, something the Court declines to do. But even if the Court considered these arguments, it would not make any difference. Plaintiff failed to allege in the Complaint (or the proposed Amended Complaint) that

---

[2] Plaintiffs' suggestions in opposition to the motion to dismiss were filed July 8; the motion to amend the Complaint was made August 21.

the Court has jurisdiction over the state law claims, thus it is doubtful whether the Court may hear these claims. Fed. R. Civ. P. 8(a)(1); *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161 (1st Cir. 1991). Accordingly there is no merit to Plaintiffs' motion.

## Conclusion

Finding that Plaintiffs' have failed to carry their burden under either Rule 59(e) or 60(b) to justify setting aside the judgment, the motion (doc. 176) is DENIED.

**IT IS SO ORDERED.**

Date:  November 4, 2010	   /s/ Greg Kays
　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT